PROB 12A
(Revised 05/2011)

# United States District Court
## for
## Middle District of Tennessee

### Report on Offender Under Supervision

Name of Offender: Travis Kurt Proffitt	Case Number: 2:11-00002-24

Name of Judicial Officer: Honorable Aleta A. Trauger, U.S. District Judge

Date of Original Sentence: June 14, 2012

Original Offense: 21 U.S.C. § 846, Conspiracy to Distribute and Possess with Intent to Distribute Oxycodone, Hydrocodone, and Alprazolam

Original Sentence: 12 months' probation

Type of Supervision: Probation	Date Supervision Commenced: June 14, 2012

Assistant U.S. Attorney: Alex Little	Defense Attorney: David Komisar

---

The Court orders:

☒ No Action Necessary at this Time
☐ Submit a Request for Modifying the Condition or Term of Supervision
☐ Submit a Request for Warrant or Summons
☐ Other

Considered this ____ day of _____, 2012, and made a part of the records in the above case.

Aleta A. Trauger
U.S. District Judge

I declare under penalty of perjury that the foregoing is true and correct. Respectfully submitted,

Amanda M. Russell
U.S. Probation Officer

Place		Cookeville

Date		August 7, 2012

## ALLEGED VIOLATIONS

The probation officer believes that the offender has violated the following condition(s) of supervision:

| Violation Number | Nature of Noncompliance |
|---|---|

1. **The defendant shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substance, except as prescribed by a physician.**

On July 25, 2012, Mr. Proffitt reported to the probation office for a drug test and brought with him his prescribed medications. His urine tested positive for Oxycodone and Methamphetamine. Mr. Proffitt had prescription bottles for Oxycodone and Xanax. One bottle of 150 Oxycodone, 30 mg, prescribed to him on July 18, 2012, by Dr. Cindy Scott at the Cookeville Pain Consultants, was empty. When asked why they would already be consumed given that they were to be taken at a much less frequent rate, Mr. Proffitt reported that his brother's girlfriend stole "at least half of them," but was unsure as to the exact amount. He also showed his Xanax medication prescribed to him by Dr. Scott, filled the same day. He was prescribed 90, only 30 of them remained in the bottle. Mr. Proffit advised that she must have taken some of those too. After further questioning, he admitted to abusing his medications, taking upwards of seven to ten pills per day. Mr. Proffitt stated he did not report the stolen pills to the police. Mr. Proffitt denied using Methamphetamine, stating that the only other medication he has taken was over-the-counter Sudafed for his nasal drainage. He advised that he took five Sudafed pills on July 24, 2012, and they did not appear to work.

The urine sample was mailed to the testing laboratory and confirmed positive for Oxycodone and Methamphetamine.

On August 1, 2012, the probation officer called Mr. Proffitt and spoke with about his drug test. He denied ever using Methamphetamine, stating that he has used other drugs in the past, specifically marijuana, cocaine, and prescription pills, but never Methamphetamine. Mr. Proffitt reported he has heard what it can do to you and he has never wanted to use it. Mr. Proffitt was questioned about his Oxycodone and Xanax use. He reported that he still had some of his Xanax medication, but had not taken any Oxycodone since the day he tested positive on July 25, 2012, as all those pills have been used and/or stolen. Mr. Proffitt reported that he has been sick to his stomach for days, coming off the medications.

2. **The defendant shall participate in a program of drug testing and substance abuse treatment at the direction of the U.S. Probation Officer**.

On July 12, 2012, the probation officer spoke with Mr. Proffitt about his outpatient substance abuse treatment at Cumberland Mountain Mental Health in Crossville, Tennessee. He was instructed on June 15, 2012, by the probation officer and her supervisor, to participate in weekly outpatient substance abuse treatment. Mr. Proffitt admitted that he canceled his treatment sessions scheduled for June 15, June 22, and July 6, 2012. He reported that he thought he did not have to attend them because he was on home confinement.

Mr. Proffitt was not told to cancel any treatment sessions due to his home confinement. Mr. Proffitt reported that he must have misunderstood the instructions of the probation officer, denying that he intentionally canceled his sessions to avoid treatment.

### Compliance with Supervision Conditions and Prior Interventions:

Travis Proffitt is unemployed and lives with his mother and father in Crossville, Tennessee. Mr. Proffitt was sentenced to probation on June 14, 2012, and his probation is due to expire on June 13, 2013.

A report was submitted to the Court on June 27, 2012, regarding Mr. Proffitt's admitted violation of taking a morphine pill, given to him by his aunt, on June 10, 2012, days prior to his sentencing. The probation officer reprimanded Mr. Proffitt for violating his conditions of supervision and warned him of the possible ramifications of his actions. Mr. Proffitt was instructed as to all conditions, and specifically instructed not to purchase, possess, use, distribute, or administer any controlled substance. The Court ordered no action on June 28, 2012.

Mr. Proffitt has been enrolled in outpatient substance abuse treatment at Cumberland Mountain Mental Health in Crossville, Tennessee, since October 2011. In 2010, he entered the 28-day inpatient substance abuse treatment at the New Leaf Recovery Center in Cookeville, Tennessee. Mr. Proffitt withdrew from the program after twelve days.

On July 25, 2012, following his most recent drug test, the probation officer spent a significant amount of time with Mr. Proffitt and expressed concern about his obvious abuse of pain medications and the impact it will have, not only on his probation, but his general health. Mr. Proffitt did not admit to taking all 150 pain pills in the week following his having the prescription filled, but did note that historically he has been known to take them at a much more frequent rate than prescribed. Since the meeting, Mr. Proffitt has admitted he has a prescription drug abuse problem and is willing to enter, and successfully complete, inpatient substance abuse treatment. Mr. Proffitt's admission date to the New Leaf Recovery Center in Cookeville, Tennessee, is August 16, 2012.

Mr. Proffitt has been given another verbal reprimand and re-instructed as to all conditions, specifically to not use any controlled substances without a prescription, not abuse his own medications, and participate in substance abuse treatment as directed. Additionally, he has been advised of the serious health concerns of abusing his prescribed medications. Mr. Proffitt understands that possession of an illegal drug is grounds for a mandatory revocation and any future illegal drug use may likely result in a request for a hearing before the Court and possible recommendation for revocation.

### U.S. Probation Officer Recommendation:

The probation officer is requesting that no additional action be taken by the Court at this time. It is recommended that Mr. Proffitt remain on probation and fully participate in the outpatient substance abuse treatment program at Cumberland Mountain Mental Health. It is also expected that he will enter, and successfully complete, inpatient substance abuse treatment at the New Leaf Recovery Center. Any additional violations will be promptly reported to the Court.

Assistant U.S. Attorney Alex Little has been advised of the offender's noncompliance and is in agreement with this recommendation.

Approved: _____
Britton Shelton
Supervisory U.S. Probation Officer